RYDER, Judge.
On August 29, 1975 the state filed a two-count information charging appellant in Count I with unlawfully resisting an officer with violence pursuant to Section 843.01, Florida Statutes (1975) and in Count II with unlawfully obstructing or opposing an officer without violence pursuant to Section 843.02, Florida Statutes (1975).
After the court dismissed the charge of obstructing or opposing an officer without violence, trial was held on Count I during which the court denied appellant’s motion for judgment of acquittal. Thereafter, the jury found appellant guilty of the lesser included offense of resisting arrest without violence. The court adjudicated appellant guilty of the misdemeanor and sentenced him to one year in jail, but later suspended the sentence and placed appellant on one year’s probation.
Appellant appeals contending, inter alia, that the trial court erred in denying defense counsel’s motions for a judgment of acquittal where the evidence was insufficient as a matter of law to support the charge of resisting arrest since the initial arrest was unlawful. We agree and reverse.
Initially, we should hasten to note that the events of this saga all occurred prior to October 1, 1975, the effective date of Section 776.051, Use of force in resisting or making an arrest; prohibition, Florida Statutes (1975).
Although the appellant urges three points upon this court on appeal, it is unnecessary to discuss Points I and III inasmuch as Point II, alluded to above, is dispositive of the case.
On August 16, 1975, the police were summoned to a school and were met by a Mrs. *924 Nyblack and her children. They related to the police that Annette Babbel, the appellant’s sister, had held Kimberly Nyblack’s legs while a boy pulled down her panties and sat on her lap. Immediately thereafter, and without obtaining a warrant, the officers sought out Annette, placed her under arrest for the felony of sexual battery, handcuffed her and began to usher her towards their police vehicle. At this point, Annette became hysterical, diving to the ground, twisting and screaming.
Upon seeing his sister handcuffed and hysterical, and being taken to the police vehicle, the appellant approached the police officers and made inquiry as to what was occurring to his sister. Upon being told, the appellant tried to forcibly take his sister from the officers. At this point, the officers arrested appellant for obstructing an officer. Appellant continued to resist the removal of his sister from the school grounds and he was arrested for resisting arrest.
Section 901.15, Florida Statutes (1975), describes the occasion when arrests by officers without a warrant are lawful. That section provides, in part:
“901.15 When arrest by officer without warrant is lawful.—A peace officer may arrest a person without a warrant when:
******
(2) A felony has been committed and he reasonably believes that the person committed it.
(3) He reasonably believes that a felony has been or is being committed and reasonably believes that the person to be arrested has committed or is committing it.”
The test in determining whether there existed reasonable grounds to arrest the defendant’s sister without a warrant is the sufficiency of the knowledge by the arresting officer, put to the test of what a reasonable man, knowing all the facts within the knowledge of the officer, would have believed under the circumstances. State v. Knapp, 294 So.2d 338 (Fla. 2d DCA 1974).
At this point, we must turn to consideration of the facts and circumstances surrounding this arrest, utilizing the test set out by the legislature, in determining whether or not the peace officers had reasonable belief that a felony had been committed by appellant’s sister, Annette. Sexual battery, as defined by Section 794.011, supra, “means oral, anal, or vaginal penetration by, or union with, the sexual organ of another or the anal or vaginal penetration of another by any other object; . . .” The officers responding to the call of Mrs. Nyblack had solely information that Annette had held the legs of Mrs. Nyblack’s daughter while a boy pulled down her panties and sat on her lap. Nothing in the transcript of the record of the trial of the appellant adds to this description of the act for which Annette was arrested. When this testimony and the acts described are compared to the test and the definition of sexual battery in Section 794.011, supra, it is obvious to all that a sexual battery had not occurred and the arrest of Annette for such an alleged crime is thus unlawful.
As there was no sexual battery, the only offense which the appellant’s sister may have committed by holding Kimberly’s legs was a simple battery, a misdemeanor, Section 784.03, Florida Statutes (1975). Since this alleged misdemeanor was committed outside the presence of the officers, it will not justify the warrantless arrest. Phillips v. State, 314 So.2d 619 (Fla. 4th DCA 1975).
Indeed, it appears that even the arresting officers doubted the lawfulness of the initial arrest, and when told by Officer Brock to arrest Annette, Officers Crotty and Justice questioned this action and would arrest her only upon confirmation of their acting superior officer.
The arrest of Annette being unlawful, it follows then that the appellant’s arrest for obstructing a police officer and resisting a police officer also was illegal since, at the time of this incident, the law was in such a status as to permit one to resist an arrest if that arrest is unlawful. State v. Saunders, 339 So.2d 641 (Fla.1976); *925 Burgess v. State, 313 So.2d 479 (Fla. 2d DCA 1975), declining to answer certified question, 326 So.2d 441 (Fla.1976).
It follows then that the trial court should have granted his motion for a judgment of acquittal. His failure to do so is error, therefore, we reverse the judgment and sentence of the trial court and remand the case to the trial court with direction that it discharge appellant.
SCHEB, Acting C. J., and DANAHY, J., concur.