556 So.2d 428 (1989)
STATE of Florida, Petitioner,
v.
John Calhoun BOYNTON, Respondent.
No. 88-2518.
District Court of Appeal of Florida, Fourth District.
December 20, 1989.
Rehearing Denied February 27, 1990.
*429 David H. Bludworth, State Atty., John R. Gant, Sr., and Robert S. Jeagers, Asst. State Attys., West Palm Beach, for petitioner.
Peter D. Blanc, West Palm Beach, for respondent.
PER CURIAM.
The state timely seeks a writ of certiorari to review the Palm Beach circuit court's reversal of the county court's conviction of respondent for driving or being in physical control of an automobile while intoxicated (DUI), contrary to section 316.193, Florida Statutes (1987). We grant certiorari and quash the circuit court decision.
Respondent was charged with DUI and filed a motion to dismiss the case in the trial court on the grounds that the undisputed facts did not establish a prima facie case of guilt. At a hearing on the motion Officer Kozma testified by deposition that he had responded to an accident scene to find a white Camero partially off an embankment and down into a ditch. He stated that it was "rather obvious" that the vehicle had traveled across the road onto the shoulder then partially into the ditch, although there were no tracks in the grass indicating the path the vehicle had taken. The vehicle was "bottomed out" on the embankment, and it appeared that the tires had been spun in an unsuccessful attempt to get out.
Respondent was sitting in the driver's seat of the vehicle, somewhat unconscious or incoherent. The keys were in the ignition but the engine was not running. Respondent's eyes were bloodshot and watery, he smelled of alcohol, and his speech was slurred. He was given several field sobriety tests, which he failed. The officer asked respondent what had happened but respondent couldn't tell him, as all he could say was nonsensical "mumbo jumbo". There was no evidence that anyone other than appellant was near the scene or had been driving the car.
Respondent argued to the trial court that the state could not prove that he had been in actual physical control of the vehicle (an essential element of DUI), because the vehicle was "incapable of immediate mobility and was in fact inoperable" at the time of his arrest. The trial court rejected this argument, finding that the vehicle was not "inoperable" although it was "immovable" at the time of the arrest.
Thereafter, respondent entered a plea of nolo contendere, reserving his right to appeal the adverse ruling on his motion to dismiss, and was adjudicated guilty and sentenced. Respondent appealed to the circuit court who reversed the conviction, and this petition by the state followed.
Respondent persuaded the circuit court that because his vehicle was stuck in a ditch it was inoperable, and because it was inoperable he could not have exercised actual physical control over it. It has been held, however, that although the fact of inoperativeness is one factor to be considered when deciding whether a person was in actual physical control of a vehicle in a DUI case, the state is not required to prove, as a part of the element of actual physical control, that the vehicle is capable of immediate self-powered mobility. Jones v. State, 510 So.2d 1147, 1149 (Fla. 1st DCA 1987).
Respondent correctly notes that in Jones, the court held that the defendant could not be convicted of DUI where she was found slumped over the wheel of a car stopped on the shoulder of a public road in light of evidence that: (1) the vehicle was mechanically inoperable, (2) she had not operated the vehicle prior to its becoming disabled, and (3) the car's mechanical problems were such that it could not have been operated. Here, however, even if it is assumed that the respondent's car was inoperable because it was temporarily stuck in a ditch, there was circumstantial evidence that respondent had indeed operated the vehicle prior to its becoming stuck.
The circuit court found that "there was no evidence presented as to how the vehicle arrived at the ditch." This is incorrect. There was no direct evidence as to how the vehicle arrived in the ditch, but we find that there was substantial circumstantial *430 evidence that respondent, while intoxicated, drove the vehicle into the ditch. That an intoxicated defendant has operated a vehicle on a public street is often proved only by circumstantial evidence. See, e.g. Griffin v. State, 457 So.2d 1070 (Fla. 2d DCA 1984) (sufficient circumstantial evidence existed to show defendant had operated vehicle on public street where defendant was found intoxicated in driver's seat of car sitting stationary in traffic lane with engine stopped and keys in ignition).
In State v. Benyei, 508 So.2d 1258 (Fla. 5th DCA 1987), the court held that although an automobile may have been inoperable at the time the officer arrived at the scene, the evidence was sufficient for the jury to find that the defendant was driving while intoxicated when her car went off the highway onto a median.
Here, the trial court clearly found that the state presented sufficient evidence to establish a prima facie case of respondent's guilt. The circuit court, however, improperly reweighed the evidence and found it insufficient. Accordingly, we conclude that the circuit court departed from the essential requirements of law in finding, as a matter of law, that the county court erred in denying respondent's motion to dismiss.
We grant the petition for writ of certiorari and quash the circuit court's order reversing the county court's conviction and sentence.
HERSEY, C.J., and ANSTEAD, J., concur.
LETTS, J. dissents with opinion.
LETTS, Judge, dissenting.
I do not disagree with the majority's conclusion that error was committed by the circuit judge in this case. However, in petitions for discretionary certiorari, we usually review the alleged error at the appellate level, for the first time. In the case at bar, there has already been an appellate review and the review sub judice constitutes a second one. As our supreme court said in Combs v. State, 436 So.2d 93 (Fla. 1983), "The district courts should use this discretion cautiously so as to avert the possibility of common law certiorari being used as a vehicle to obtain a second appeal." The Combs court, which like the case at bar, involved a DUI originating in county court, also held that "the district courts should exercise this discretion only when there has been a violation of a clearly established principle of law resulting in a miscarriage of justice." Under the facts of this particular DUI, I am by no means sure that there has been a violation of a clearly established principle of law resulting in a miscarriage of justice.