PER CURIAM.
Gregory Riehle seeks certiorari review of a circuit court order denying his certiorari petition which challénged a hearing officer’s determination that his license to operate an automobile should be suspended for driving with an unlawful blood alcohol level. Because the circuit court’s order erroneously interprets section 901.18, Florida Statutes (1993), thus improperly sustaining the legality of the arrest, we grant certiorari relief.
Riehle pulled his automobile into the emergency lane on the interstate because he had run out of gas. A marked Highway Patrol cruiser pulled in behind him, and the auxiliary trooper (Rayburn) activated its flashing lights. When Riehle and Auxiliary Trooper Rayburn met it was apparent to the latter that Riehle had been drinking. Rayburn *824 ordered him to remain at his car and radioed for assistance.
Shortly thereafter Rayburn’s supervisor, Sergeant Moran, arrived at the scene, conducted field sobriety tests, and effected Riehle’s arrest for driving under the influence of alcoholic beverages. He subsequently was tested and registered an unlawful blood alcohol level.[1]
At the administrative hearing to determine whether his license should be suspended[2] Riehle argued that his arrest was illegal, because the misdemeanor offense was not observed by the arresting officer and, therefore, he did not have the authority to effect the arrest without a warrant. § 901.15(5), Fla.Stat. (1993). The hearing officer ruled that Riehle was legally arrested twice, once in a citizen’s arrest by Auxiliary Trooper Rayburn, and secondly by the sergeant under section 901.18. The circuit court did not find the need to pass on the arrest power of the auxiliary trooper, and both parties to this proceeding concede that he did not make a lawful arrest.
The circuit court concurred with the hearing officer that Sergeant Moran possessed the authority to arrest Riehle based upon its construction of section 901.18, which reads: A peace officer making a lawful arrest may command the aid of persons he deems necessary to make the arrest. A person commanded to aid shall render assistance as directed by the officer. A person commanded to aid a peace officer shall have the same authority to arrest as that peace officer and shall not be civilly liable for any reasonable conduct in rendering assistance to that officer.
The circuit court denied the petition before it, reasoning that Sergeant Moran was “a person commanded to aid” and thereby inherited from Auxiliary Trooper Rayburn the authority to effect the warrantless arrest, obviating the necessity that he observe the commission of the misdemeanor.
Riehle points out the flaws in this construction of the statute and its application to these facts. Sergeant Moran can inherit only that power to arrest which is embodied in the person requesting the aid. Respondent argues that the case is controlled by State v. Eldridge, 565 So.2d 787 (Fla. 2d DCA 1990), in which this court applied this statute to an arrest for driving under the influence by an officer who arrived on the scene after the commission of the offense, and was told by another officer enough facts to establish probable cause to make an arrest. That case involved the communication from one officer to another; this case, to the contrary, involves communication by one who may have had no authority to make an arrest to a sworn law enforcement officer.
The trial court relied upon reading this statute in pari materia with section 321.24(2), Florida Statutes (1993), which governs the auxiliary of the Florida Highway Patrol, and reads in relevant part:
Members of an auxiliary shall have the same protection and immunities afforded regularly employed highway patrol officers, which shall be recognized by all courts having jurisdiction over offenses against the laws of this state.
To sustain the trial court’s interpretation of these two statutes would require this court to determine that the foregoing provision entrusts auxiliary Highway Patrol personnel with arrest powers, which is specifically contrary to section 321.24(4), Florida Statutes (1993), which declares in part, “Nothing herein shall be construed to authorize any member of the auxiliary to make arrests.”
The circuit court, however, found no necessity to determine whether Auxiliary Trooper Rayburn had the authority to effect an arrest, although justification for the arrest on *825 the basis of section 901.18 we believe would require it. The circuit court suggests, but does not find, that arrest authority may be conferred upon auxiliary troopers by section 943.10(8), Florida Statutes (1993). That section defines “auxiliary law enforcement officer” and makes reference to arrest powers when under the supervision of a law enforcement officer. The court hinted that it favored such a construction of the provision but declined to interpret the foregoing statute to confer arrest powers on auxiliary troopers.
This court does not need, however, to reconcile the ambiguities in these sections which may determine Auxiliary Trooper Rayburn’s authority to make an arrest. In order to justify reliance on section 901.18 to legitimize Sergeant Moran’s arrest, the circuit court must determine not only that Auxiliary Trooper Rayburn had arrest powers to “pass along” to his supervisor, but also that he was a “peace officer making a lawful arrest.”
Respondent never argues that Auxiliary Trooper Rayburn was a peace officer, and in fact concedes that he never conducted an arrest of Riehle for driving under the influence of .alcoholic beverages. How, then, when he summoned assistance, could he have been “making a lawful arrest?” This concession on the part of respondent, when we are faced with the clear language of section 901.18 which requires the first officer to be engaged in executing a lawful arrest, provides us no alternative but to conclude that the circuit court’s reliance on that section to justify the legality of Sergeant Moran’s arrest is misplaced. The circuit court implicitly rejected the finding of the hearing officer that Auxiliary Trooper Rayburn had made a legal arrest, and found it unnecessary to determine if he even had the authority to do so.
This erroneous application of section 901.18 to the facts of this case represents a departure from the essential requirements of law and this court has jurisdiction to correct it. Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995).
Accordingly, we grant certiorari, quash the order of the trial court, and remand with directions to quash the order upholding petitioner’s license suspension by the respondent.
BLUE, A.C.J., and QUINCE and WHATLEY, JJ., concur.

. While it is of no legal consequence to this proceeding, we note that the trial judge in the criminal prosecution resulting from this arrest suppressed all evidence developed after Auxiliary Trooper Rayburn instructed Riehle to remain at the scene, including observations of law enforcement personnel, statements by the suspect, field sobriety test performance and breath tests results. The county court found that section 901.18, Florida Statutes (1993), did not apply to the facts; that Auxiliary Trooper Rayburn did not make an arrest; and that Sergeant Moran's arrest of Riehle was unlawful.

. Pursuant to section 322.2615, Florida Statutes (1993).