690 So.2d 706 (1997)
Glenn E. STEINER, Petitioner,
v.
STATE of Florida, Respondent.
No. 96-2062.
District Court of Appeal of Florida, Fourth District.
April 2, 1997.
*707 Bruce H. La Kam, Deerfield Beach, for petitioner.
Robert A. Butterworth, Attorney General, Tallahassee, and Sarah B. Mayer, Assistant Attorney General, West Palm Beach, for respondent.
WARNER, Judge.
We grant the petition for certiorari from the opinion of the circuit court sitting in its appellate capacity reversing an order of the county court granting a motion to suppress and dismissing the state's case. The circuit court applied the incorrect law to the facts as found by the trier of fact, the county court.
The petitioner was arrested for driving while intoxicated. A security guard at a condominium complex noticed the driver of an automobile which was stopped in the driveway near the guardhouse of the complex. The driver/petitioner was attempting to start the vehicle. Observing smoke coming from under the hood of the car and believing it to be on fire, the guard assisted the petitioner from the car. When he noted that the petitioner was "swinging from side to side," he took him by the arm to the guardhouse and made him sit in a chair outside of the guardhouse. Thereafter, the guard called 911. The first officer on the scene was a community service aide, not a deputized police officer. The aide spoke with petitioner who told the aide that he was attempting to restart his vehicle when the guard removed him from the car. The aide smelled alcohol on petitioner's breath and called for another officer to conduct a DUI investigation. The aide never saw petitioner in control of the car. The DUI investigator arrived and spoke to petitioner, detecting the odor of alcohol on petitioner's breath. After these observations, the investigator arrested petitioner and transported him to the station where he was videotaped and given a breath test.
Petitioner moved to suppress the evidence alleging that his arrest was illegal, as the misdemeanor with which he was charged was committed outside the presence of the arresting officer. In examining the issue, *708 the county court noted that Florida case law delineates the circumstances under which a misdemeanor arrest can take place. The most obvious circumstance is where the officer witnesses each element of a prima facie case. See § 901.15(1), Fla.Stat. (1993). Additionally, pursuant to section 316.645, Florida Statutes (1993), when an officer is investigating an "accident" he may develop probable cause to charge DUI. Finally, where one officer calls upon another for assistance, the combined observations of the two or more officers may be united to establish the probable cause to arrest. See State v. Eldridge, 565 So.2d 787 (Fla. 2d DCA 1990).
The county court concluded that no "accident" occurred in the instant case, as such term is commonly recognized to the general public. Rather, the court concluded that this case involved a malfunction of the vehicle resulting in its inoperability and a fire. Finding no other situation to support a warrantless misdemeanor arrest, the court granted the motion to suppress.
The state filed an appeal. The circuit court sitting in its appellate capacity reversed in a short opinion:
Reversed. See Larkin v. State, 3 Fla.L. Weekly Supp. 8 (Fla. 9th Cir.Ct. Jan. 17, 1995) which was decided after the trial court's ruling. See also State v. Boynton, 556 So.2d 428 (Fla. 4th DCA 1989) and Edwards v. State, 462 So.2d 581 (Fla. 4th DCA 1985), rev. denied 475 So.2d 694.
The petitioner has requested certiorari relief from this court. When reviewing a petition for certiorari from a decision of the circuit court in its appellate capacity, this court must determine whether the circuit court denied petitioner due process, or failed to observe the essential requirements of law, resulting in a miscarriage of justice. Haines City Community Dev. v. Heggs, 658 So.2d 523 (Fla.1995); Combs v. State, 436 So.2d 93 (Fla.1983).
The circuit court's reversal was predicated on cases which do not address the "accident" reasoning on which the county court based its decision. Instead, the circuit court cited cases involving two other issues, neither of which applies to the facts of this case as found by the trial court.
Both Edwards and Larkin involve the issue of citizen arrests. In Edwards, an off-duty officer outside his jurisdiction observed a driver cross a center line several times and other erratic driving actions, including almost hitting a bridge abutment. The officer stopped the driver and arrested him. The driver was convicted which was affirmed on appeal. This court accepted certiorari review. The issue before the court was whether the officer had authority to arrest the driver when the officer was outside his jurisdiction. Our court concluded that he did, as he could effect a citizen's arrest. We noted the common law rule that a private citizen may arrest a person who in the citizen's presence commits a breach of the peace, and we determined that the erratic driving observed by the officer was a breach of the peace observed by the officer so as to permit a citizen's arrest 462 So.2d at 582. Larkin, an appellate decision of the circuit court, relied on Edwards in holding that a private citizen who observed behavior which was a clear breach of the peace had effected an arrest of a driver of a vehicle by taking away her car keys and thus depriving her of her freedom to leave.
In order to effectuate a citizen's arrest, a misdemeanor must not only be committed in the presence of the private citizen, but there must be an arrestthat is a deprivation of the suspect's right to leave. In this case, even if we assume that the record supports the fact that the security guard observed the petitioner in control of his car, the guard did nothing to effect the arrest by depriving the petitioner of his keys or otherwise. The county court made no factual finding to this effect, nor does the record support such a finding. In fact, at the hearing before the county court judge, the state attorney specifically disavowed the contention that the security guard made a citizen's arrest. The state attorney even admitted that the guard did not know a crime had been committed in his presence. Therefore, in reversing based on Larkin and Edwards, the circuit court applied the incorrect law to the facts of this case.
*709 The circuit court also cited Boynton in reversing the county court's ruling. In Boynton, this court quashed the appellate ruling of the circuit court reversing the conviction of the defendant for DUI. The defendant had been charged with DUI when an officer responded to an accident scene to find a car partially off an embankment and down in a ditch. The officer testified that it was rather obvious that the vehicle had traveled across the road onto the shoulder and into the ditch. Finding the defendant in the driver's seat somewhat unconscious, incoherent, and smelling of alcohol, the defendant was given field sobriety tests, all of which he failed. The officer then arrested the defendant. 556 So.2d at 429.
The defendant convinced the circuit court to reverse his conviction on the ground that he was not in actual physical control of his vehicle when observed by the officer, because it was stuck in a ditch and therefore inoperable. Our court, however, quashed the circuit court's opinion, finding that the officer could rely on the circumstantial evidence from which the officer could deduce that the defendant was driving the vehicle while intoxicated. The officer saw the defendant behind the wheel of the car in an intoxicated condition, and by his observations he could conclude that the vehicle was driven into the ditch and became inoperable when it got stuck there. Id. at 429-30.
In the instant case, the officer never saw the petitioner in the vehicle. Therefore, he could not conclude, as the officer in Boynton did, that the circumstantial evidence showed that the petitioner drove his vehicle to the point where it caught on fire. The only way the officer concluded that was from the statements of others. As we stated in State v. Englehardt, 465 So.2d 1366 (Fla. 4th DCA 1985), quoting from 6A C.J.S. Arrest § 18:
An offense is committed in the presence or view of an officer, within the meaning of the rule authorizing an arrest without a warrant, when the officer receives knowledge of the commission of an offense in his presence through any of his senses, or by inferences properly to be drawn from the testimony of the senses, or when the facts and circumstances occurring within his observation, in connection with what, under the circumstances, may be considered as common knowledge, give him probable cause to believe or reasonable grounds to suspect that such is the case.
Id. at 1368 (emphasis supplied). Here the officer did not witness one of the essential elements of the crime, namely the control of the vehicle by the petitioner. If we were to permit the security guard's observations which were relayed to the police as sufficient to constitute the officer's knowledge of an essential element of a crime, then as to misdemeanors there would be no point in the statutory requirement that the misdemeanor be committed in the officer's presence. Any citizen could walk up to an officer and relate the commission of a misdemeanor by someone, and the officer would have probable cause to arrest. This is clearly inconsistent with the statutory requirements. See § 901.15(1).
In view of the foregoing, the circuit court departed from the essential requirements of law, resulting in a miscarriage of justice as petitioner could now be convicted using the evidence which the county court suppressed. We therefore grant the petition and quash the decision of the circuit court reversing the county court's order.
GLICKSTEIN and FARMER, JJ., concur.