734 So.2d 525 (1999)
Cornell HORSLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 98-02546.
District Court of Appeal of Florida, Second District.
May 26, 1999.
John Thor White, St. Petersburg, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica M. Raffel, Assistant Attorney General, Tampa, for Appellee.
CASANUEVA, Judge.
Cornell Horsley appeals the denial of his motion to suppress, alleging his warrantless arrest was without probable cause or a reasonable suspicion. We concur and reverse.
Cornell Horsley, standing near the walkup window of a take-out restaurant in St. Petersburg, was arrested for violation of a municipal ordinance banning the possession of open containers of alcoholic beverages. A police officer found an open bottle of beer on the ground ten feet away from Mr. Horsley in this public area. We reverse on the ground that no police officer observed Mr. Horsley actually committing a misdemeanor in his presence. The fruit of the search incident to the arrest-two rocks of crack cocaine-should have been suppressed.
Two officers were instrumental in Mr. Horsley's arrest. The events began when Sergeant Lightfield, riding in an unmarked car, spotted Mr. Horsley carrying a bottle wrapped in a brown paper bag as he walked along the sidewalk. Sergeant Lightfield, from a distance of five or six feet, could see that the object was a bottle with a label, but he could not discern what was written on the label or whether the bottle contained any liquid. His experience *526 led him to conclude that the bottle contained beer or malt liquor. Sergeant Lightfield then radioed all of this information, including a description of the "suspect," to a nearby uniformed officer.
Officer Herron, the recipient of the dispatch, discovered Mr. Horsley within a minute outside a business known as the Snow Peak. Mr. Horsley, who stated that he was ordering food from the window, was not carrying a bottle of any kind, but Officer Herron found an open container of Colt 45 malt liquor on the ground ten feet away. He then arrested Mr. Horsley for possessing an open container of alcohol, a violation of a municipal ordinance.[1]
According to section 901.15(1), Florida Statutes (1997), an officer may arrest a person without a warrant for violation of a municipal ordinance committed "in the presence of the officer. An arrest for the... violation of a municipal or county ordinance shall be made immediately or in fresh pursuit." The courts have strictly construed the "presence of the officer" language, requiring that the arresting officer actually see or otherwise detect by his senses that the person has violated the ordinance. See Malone v. Howell, 140 Fla. 693, 192 So. 224 (1939); Peterson v. State, 578 So.2d 749 (Fla. 2d DCA 1991); Steiner v. State, 690 So.2d 706 (Fla. 4th DCA 1997).
In this case, however, the State has urged that the observations of Sergeant Lightfield may be imputed to Officer Herron under the "fellow officer" rule, which "allows an arresting officer to assume probable cause to arrest a suspect from information supplied by other officers." Voorhees v. State, 699 So.2d 602 (Fla.1997). The collective knowledge of the two officers, according to the State, provided probable cause for the arrest of Mr. Horsley.
Although the general proposition advanced by the State is true and operative in the context of arrests for misdemeanors, see State v. Eldridge, 565 So.2d 787 (Fla. 2d DCA 1990), we must reject the State's argument because neither Officer Lightfield nor Officer Herron actually observed Mr. Horsley committing an open container violation. Sergeant Lightfield did not know what the label stated nor whether the bottle contained alcohol; Officer Herron did not see Mr. Horsley carrying the container. Furthermore, we decline to hold that Mr. Horsley constructively possessed the container, found ten feet away, because the area was open and accessible to the public. Although Officer Herron stated that no other person was nearby when he arrested the defendant, both officers described the area as normally busy, where people tended to congregate and where businesses sold food and beverages. All of the circumstances in the officers' collective knowledge provided only a mere suspicion that Mr. Horsley possessed an open container of alcohol. Accordingly, we reverse the court's denial of the motion to suppress and vacate the judgment and order of probation.
PARKER, C.J., and GREEN, J., Concur.
NOTES
[1] Although the parties have not provided this court with the ordinance that Mr. Horsley allegedly violated, the appellant's attorney verified that such an ordinance does exist. No challenge to this ordinance has been raised in this appeal.