901 So.2d 222 (2005)
STATE of Florida, Appellant,
v.
Victor W. BOATMAN, Appellee.
No. 2D04-1956.
District Court of Appeal of Florida, Second District.
April 13, 2005.
*223 Charles J. Crist, Jr., Attorney General, Tallahassee, and Amanda Lea Colon, Assistant Attorney General, Tampa, for Appellant.
James Marion Moorman, Public Defender, and Richard J. Sanders, Assistant Public Defender, Bartow, for Appellee.
ALTENBERND, Chief Judge.
The State appeals an order granting Victor W. Boatman's motion to suppress marijuana and psilocyn. Law enforcement officers discovered the contraband during a search incident to Mr. Boatman's arrest for a misdemeanor offense. Mr. Boatman argued, and the trial court agreed, that the arrest was unlawful because it was performed by a fellow officer who had not personally witnessed the misdemeanor offense. Because we conclude that the fellow officer rule applies to a misdemeanor arrest and that the initial officer was permitted to delegate authority for the arrest to a fellow officer, we reverse and remand for further proceedings.
On November 5, 2003, an off-duty auxiliary deputy with the Pinellas County Sheriff's Department was driving home when he happened upon a vehicle that was parked on the side of the road with the front end partially obstructing an intersection. The deputy stopped and approached the car. He found a passenger from the vehicle on his knees in the grass vomiting and Mr. Boatman, the driver, passed out behind the wheel of the vehicle with the keys in the ignition. The deputy awoke Mr. Boatman and obtained his driver's license. A computer check indicated the license was suspended.
In the meantime, two on-duty backup deputies arrived. The auxiliary deputy explained to the two responding deputies what he had witnessed and asked one of them to arrest Mr. Boatman for driving while license suspended. One of the deputies complied, and a search incident to the arrest revealed marijuana and psilocyn.
Mr. Boatman did not dispute that the off-duty auxiliary deputy had the authority to arrest him for the misdemeanor offense of driving while license suspended and to thereafter search him and the vehicle. See, e.g., § 943.10(8), Fla. Stat. (2003) (defining "auxiliary law enforcement officer" and the scope of authority for that position).[1] Mr. Boatman argues, however, that the only deputy who had the authority to make the arrest was the auxiliary deputy who witnessed the misdemeanor. He bases this argument on section 901.15(1), Florida Statutes (2003), which states that an officer is permitted to make a warrantless arrest when a person has committed a *224 misdemeanor "in the presence of the officer" if the arrest is made "immediately or in fresh pursuit." See § 901.15(1). We disagree with his argument.
The "fellow officer rule" operates to impute the knowledge of one officer in the chain of investigation to another. See Berry v. State, 493 So.2d 1098 (Fla. 4th DCA 1986) (an officer receiving a radio transmission to detain a certain individual has authority to stop the person described; the legitimacy of the stop will depend on whether the reporting officer had sufficient grounds to order the person detained); see also United States v. Hensley, 469 U.S. 221, 105 S.Ct. 675, 83 L.Ed.2d 604 (1985) (holding that when a police communique has been issued on the basis of articulable facts supporting a reasonable suspicion, any authorized officer may make an investigatory stop on the basis of that bulletin, even though the officer making the stop is not aware of the underlying facts). In the context of a felony, the fellow officer rule allows the information constituting probable cause to be imputed from one officer to another. Voorhees v. State, 699 So.2d 602 (Fla.1997). We see no reason why the same rule should not allow the information that a misdemeanor has occurred in the presence of an officer to be imputed from one officer to another.
Although this court has not previously held that the fellow officer rule applies to misdemeanor offenses, we have assumed as much in dicta in cases addressing related issues. In B.D.K. v. State, 743 So.2d 1155 (Fla. 2d DCA 1999), we held that a misdemeanor arrest was unlawful because it did not occur immediately upon the offense or within hot pursuit. Although it was not germane to the dispositive issue in the case, we noted, "The `fellow officer rule' applies to misdemeanors as well as to felonies." Id. at 1157. In support of that statement, we cited Horsley v. State, 734 So.2d 525 (Fla. 2d DCA 1999), in which we held that the collective observations of two officers did not provide the officers with sufficient information to arrest the defendant for violating a municipal ordinance, but noted that we agreed with the State's general argument that the fellow officer rule applied to misdemeanor arrests.
A majority of jurisdictions that have addressed this issue have reached a similar conclusion under similar circumstances. See Torrey v. City of Tukwila, 76 Wash.App. 32, 882 P.2d 799, 804 (1994); State v. Warren, 103 N.M. 472, 709 P.2d 194, 197-98 (N.M.Ct.App.1985); State v. Bryant, 678 S.W.2d 480 (Tenn.Crim.App.1984); State v. Costa, 111 R.I. 602, 306 A.2d 36 (1973). But see Penn v. Commonwealth, 13 Va.App. 399, 412 S.E.2d 189 (1991), aff'd, 244 Va. 218, 420 S.E.2d 713 (1992).
The fellow officer rule is typically, although not always, a rule permitting an officer who has lawful power to arrest a person the option of delegating that function to another officer. As a result, the rule is related to the provision in section 901.18, Florida Statutes (2003), which permits an officer making an arrest to "command the aid of persons she or he deems necessary to make the arrest." Under that statute, we have expressly allowed an officer observing a misdemeanor in his presence to delegate to a fellow officer the authority to make the misdemeanor arrest. See State v. Eldridge, 565 So.2d 787 (Fla. 2d DCA 1990); see also Huebner v. State, 731 So.2d 40 (Fla. 4th DCA 1999); Kirby v. State, 217 So.2d 619 (Fla. 4th DCA 1969). Of course, under section 901.15(1), that delegated arrest power must still be exercised "immediately" or in "fresh pursuit."
Mr. Boatman argues that the language of section 901.15(5), which explicitly provides that an arresting officer may rely upon information from other officers in *225 making an immediate arrest for a violation of chapter 316, Florida Statutes (2003), committed in the officer's presence, suggests that the legislature did not intend to permit such reliance in misdemeanor arrests under section 901.15(1). The language that Mr. Boatman relies upon was added to section 901.15(5) in 1996. See ch. 96-413, § 68, Laws of Fla. It clearly was added to address the issue of traffic stops for non-criminal infractions when the officer performing the stop is not the officer who was using the radar gun or otherwise observing the traffic infraction. We decline to interpret this relatively recent amendment as evidence of the legislature's intent to prohibit the application of the fellow officer rule in the context of misdemeanor arrests under section 901.15(1).
We therefore reverse the trial court's order granting Mr. Boatman's motion to suppress and remand for further proceedings.
Reversed and remanded.
SALCINES and CANADY, JJ., Concur.
NOTES
[1] In a motion for rehearing before this court, Mr. Boatman argued that the off-duty auxiliary deputy did not have powers of arrest pursuant to statute. This issue was not raised before the trial court or in the initial briefing in this court. Our record is not clear as to the statutory authority under which this deputy was acting. We therefore do not address this issue. On remand, Mr. Boatman is free to raise this issue if the circumstances merit it.