VILLANTI, Judge.
David Sawyer seeks certiorari review of the circuit court’s opinion affirming the county court’s denial of his dispositive motion to suppress evidence. A law enforcement officer conducted field sobriety tests and arrested Sawyer for misdemeanor driving under the influence based on information from two citizen informants. The officer discovered marijuana during a search incident to the arrest. Sawyer argued that the arrest was unlawful because it was performed by an officer who had not personally witnessed the offense. We agree and grant Sawyer’s petition for certiorari.
On August 9, 2002, two citizen informants observed Sawyer driving erratically. Then they watched him get out of his car and stagger toward a gas station convenience store. Both citizen informants called 911, but neither took any action to make a citizen’s arrest. As a result of the 911 calls, an investigating officer was dispatched to the scene. The officer arrived and observed Sawyer leaning against the side of the convenience store building. The officer spoke to both citizen informants and then approached Sawyer. After observing Sawyer, the officer conducted field sobriety tests. The officer then arrested Sawyer, searched him, and found marijuana in his right-hand front pocket.
Sawyer filed a motion to suppress the evidence, alleging that his arrest was illegal. The county court denied his motion. The circuit court affirmed the county court’s ruling and held that information from the two citizen informants and the arresting officer combined to establish reasonable suspicion that Sawyer was driving under the influence, and the field sobriety tests then gave rise to probable cause to arrest Sawyer. We must determine whether the circuit court afforded procedural due process and applied the correct law. State, Dep’t of Highway Safety & *234 Motor Vehicles v. DeShong, 603 So.2d 1349, 1351 (Fla. 2d DCA 1992).
An officer can arrest a person for misdemeanor DUI in three circumstances: (1) “the officer witnesses each element of a prima facie case,” (2) the “officer is investigating an ‘accident’ [and] develop[s] probable cause to charge DUI,” or (3) “one officer calls upon another for assistance [and] the combined observations of the two or more officers [are] united to establish the probable cause to the arrest.” Steiner v. State, 690 So.2d 706, 708 (Fla. 4th DCA 1997) (citing §§ 316.645, 901.15(1), Fla. Stat. (1993), and State v. Eldridge, 565 So.2d 787 (Fla. 2d DCA 1990)). The third circumstance is also called the fellow officer rule. See Horsley v. State, 734 So.2d 525, 526 (Fla. 2d DCA 1999).
Here, the arresting officer never observed Sawyer in control of a vehicle, and there was no accident. The circuit court incorrectly applied the fellow officer rule to the information supplied by the two citizen informants. “The ‘fellow officer rule’ operates to impute the knowledge of one officer in the chain of investigation to another.” State v. Boatman, 901 So.2d 222, 224 (Fla. 2d DCA 2005). The rule does not impute the knowledge of citizen informants to officers. See Steiner, 690 So.2d at 709 (“If we were to permit [a citizen informant’s] observations which were relayed to the police as sufficient to constitute the officer’s knowledge of an essential element of a crime, then as to misdemeanors there would be no point in the statutory requirement that the misdemeanor be committed in the officer’s presence. Any citizen could walk up to an officer and relate the commission of a misdemeanor by someone, and the officer would have probable cause to arrest. This is clearly inconsistent with the statutory requirements.”). The circuit court did not apply the correct law in affirming the denial of Sawyer’s motion to suppress. We therefore grant Sawyer’s petition for cer-tiorari and quash the circuit court’s opinion.
Petition for certiorari granted; opinion quashed.
WHATLEY and SALCINES, JJ., Concur.