WALLACE, Judge.
M.W. appeals an order withholding adjudication for the delinquent act of obstructing or opposing an officer without violence. M.W.’s alleged obstruction occurred during his warrantless arrest for an assault, a misdemeanor committed outside the presence of the arresting officer. Because a warrantless arrest for the kind of assault at issue in this case is lawful only if the offense is committed in the officer’s presence, the officer was not engaged in the execution of a legal duty during M.W.’s arrest. It follows that M.W. could properly obstruct or oppose the illegal arrest without violence, and the circuit court erred in finding that M.W. committed the delinquent act of obstructing or opposing an officer without violence. Accordingly, we reverse the order withholding adjudication.
The incident that gave rise to the charges against M.W. occurred on September 30, 2009, at Van Burén Middle School in Tampa where M.W. was a student. Ar-tis Gambrell, a member of the school’s administrative staff, was called to remove M.W. from a classroom because M.W. was being disruptive. Mr. Gambrell walked M.W. to the student affairs office. M.W. refused to enter the office and shouted profanities at Mr. Gambrell. According to Mr. Gambrell, “[AJfter a while, [M.W.] slammed his books into the ground, told [Mr. Gambrell] to get out of his face, and made two (2) steps toward [Mr. Gam-brell].” Mr. Gambrell testified that “[a]s [M.W.] threw the book down, he took a step toward me, and told me to get out of his f***ing face or he was going to hit me.” Mr. Gambrell explained further that Officer Neil Smith, the school resource officer, arrived shortly afterward to give him assistance in dealing with M.W. But there is no evidence in the record that Officer Smith witnessed the incident during which M.W. threw down his books, stepped toward Mr. Gambrell, and threatened him.
Officer Smith testified that when he arrived at the scene of the incident he spoke with Mr. Gambrell and learned “the nature of the problem.” After speaking with M.W. for about fifteen minutes, Officer Smith told M.W. that he was under arrest. When Officer Smith attempted to handcuff M.W., M.W. “bowed up a little bit and wouldn’t physically put his hands behind *1222 his back.” Officer Smith “had to actually physically put [M.W.’s] hands behind his back and handcuff him.”
The State filed a petition for delinquency, alleging that M.W. had committed the delinquent acts of assault on a specified official under sections 784.011 and 784.081(2)(d), Florida Statutes (2009), a first-degree misdemeanor, and obstructing or opposing an officer without violence under section 848.02, Florida Statutes (2009), a first-degree misdemeanor. Following an evidentiary hearing, the circuit court said that although it found Mr. Gambrell’s testimony to be credible, it did not find the evidence sufficient to establish that M.W. had committed an assault.[1] But the circuit court also ruled that M.W. had committed the delinquent act of obstructing or opposing an officer because Officer Smith had probable cause to arrest M.W. for the assault when M.W. obstructed him. The circuit court withheld adjudication and placed M.W. on an indefinite period of probation not to exceed his nineteenth birthday.
Section 848.02 provides in pertinent part that “[w]hoever shall resist, obstruct, or oppose any officer ... in the lawful execution of any legal duty, without offering or doing violence to the person of the officer, shall be guilty of a misdemeanor of the first degree.” Thus “[t]he crime of obstructing or opposing an officer without violence requires a showing that the officer was engaged in the lawful execution of any legal duty.” C.H.C. v. State, 988 So.2d 1145, 1146 (Fla. 2d DCA 2008). And when the duty being performed by the officer is an arrest, as in this case, the lawfulness of the arrest is an essential element of the offense. Guitterrez v. State, 837 So.2d 1095, 1096 (Fla. 4th DCA 2003); V.L. v. State, 790 So.2d 1140, 1143 (Fla. 5th DCA 2001).
Here, Officer Smith was attempting to arrest M.W. for an assault on a specified official when M.W. obstructed or opposed him. Thus, to prove that M.W. committed the delinquent act of obstructing or opposing an officer without violence, the State was required to establish that Officer Smith was authorized to make the arrest.
In pertinent part, section 901.15, Florida Statutes (2009), authorizes a law enforcement officer to arrest a person without a warrant when “[t]he person has committed a felony or misdemeanor or violated a municipal or county ordinance in the presence of the officer.” § 901.15(1). Thus the warrantless arrest of M.W. for the misdemeanor offense of assault on a specified official was lawful only if that offense was committed in Officer Smith’s presence. See id.; see also B.D.K. v. State, 743 So.2d 1155, 1157 (Fla. 2d DCA 1999) (concluding that a warrantless arrest for a misdemeanor was unlawful when the offense did not occur in the officer’s presence); Smiley v. State, 354 So.2d 922, 924 (Fla. 2d DCA 1978) (holding that an officer was not justified in arresting the defendant without a warrant for a misdemeanor committed outside the officer’s presence). Because M.W.’s threats against Mr. Gam-brell occurred outside Officer Smith’s presence, the arrest was unlawful, and Officer Smith was not engaged in the lawful execution of a legal duty when M.W. obstructed or opposed the arrest. It follows that the State failed to establish that the offense of obstructing or opposing an officer *1223 without violence had occurred—the delinquent act upon which the disposition order before us rests.
We note that M.W. did not argue in the circuit court that Officer Smith was not engaged in the lawful execution of a legal duty when he made the arrest, and thus he did not preserve that argument for appellate review. But because the State failed to establish that the obstruction offense occurred at all, M.W.’s conduct could not constitute a delinquent act. See § 843.02; see also Nelson v. State, 543 So.2d 1308, 1309 (Fla. 2d DCA 1989) (holding that because an officer was not engaged in the lawful execution of a legal duty when the defendant obstructed or opposed him, the defendant’s conduct did not constitute the crime of resisting an officer). And the circuit court’s determination that M.W. had committed a delinquent act that never occurred constitutes fundamental error that may be raised for the first time on appeal. See F.B. v. State, 852 So.2d 226, 230 (Fla.2003) (holding that when “the evidence is totally insufficient as a matter of law to establish the commission of a crime ... [s]uch complete failure of the evidence meets the requirements of fundamental error”); Cox v. State, 1 So.3d 1220, 1222 (Fla. 2d DCA 2009) (“A conviction is fundamentally erroneous when the facts affirmatively proven by the State simply do not constitute the charged offense as a matter of law.” (quoting Griffin v. State, 705 So.2d 572, 574 (Fla. 4th DCA 1998))); Santiago v. State, 847 So.2d 1060, 1062 (Fla. 2d DCA 2003) (allowing a defendant to stand convicted of a crime that never occurred constitutes fundamental error); Nelson, 543 So.2d at 1309 (noting the same).
The State argues for affirmance on the theory that Mr. Gambrell’s knowledge should be imputed to Officer Smith under the “fellow officer rule.” “[That] rule allows an arresting officer to assume probable cause to arrest a suspect based on information supplied by fellow officers.” B.D.K., 743 So.2d at 1157. The rule applies to both misdemeanors and felonies. Id.; see also State v. Boatman, 901 So.2d 222, 224 (Fla. 2d DCA 2005) (citing B.D.K. in support of conclusion that an officer may arrest a defendant for a misdemeanor offense committed in the presence of a fellow officer under the fellow officer rule).
But the State cites no authority for the proposition that a school administrator may be considered a fellow officer under the rule. This court has previously declined to impute the knowledge of citizen informants to an officer under the fellow officer rule. Sawyer v. State, 905 So.2d 232, 234 (Fla. 2d DCA 2005). In Sawyer we noted as follows:
If we were to permit [a citizen informant’s] observations which were relayed to the police as sufficient to constitute the officer’s knowledge of an essential element of a crime, then as to misdemeanors there would be no point in the statutory requirement that the misdemeanor be committed in the officer’s presence. Any citizen could walk up to an officer and relate the commission of a misdemeanor by someone, and the officer would have probable cause to arrest. This is clearly inconsistent with the statutory requirements.
Id. (quoting Steiner v. State, 690 So.2d 706, 709 (Fla. 4th DCA 1997)). And in Steiner, a case this court relied upon in Sawyer, the Fourth District declined to impute a private security guard’s observations to a police officer under the fellow officer rule. 690 So.2d at 709. A school administrator may not be regarded as a fellow officer when a security guard does not fall into that category. So we are not inclined to hold that Mr. GambreH’s knowledge should be imputed to Officer Smith under the fellow officer rule in order to support M.W.’s arrest.
*1224 For the foregoing reasons, we reverse the order withholding adjudication of delinquency and remand for the entry of an order of dismissal.
Reversed and remanded.
CASANUEVA, C.J., and KELLY, J., Concur.

. The circuit court’s comments suggest that its finding was based on the conditional nature of the threat. But a conditional threat would not preclude a finding that M.W. had committed an assault. See State v. Smith, 348 So.2d 637, 639 (Fla. 2d DCA 1977); K.E.H. v. State, 802 So.2d 395, 396 (Fla. 4th DCA 2001); Blanton v. State, 388 So.2d 1271, 1273 (Fla. 4th DCA 1980).