## DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
### FOURTH DISTRICT

**DUMILE CAROLINA WAGNER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-3387

[December 7, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Mindy F. Solomon, Judge; L.T. Case No. 19-30815MU10A.

Carlos A. Canet of Law Office of Carlos A. Canet, P.A., Plantation, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Pablo Tapia, Assistant Attorney General, West Palm Beach, for appellee.

### *ON CONFESSION OF ERROR*

ARTAU, J.

The defendant appeals from her conviction and sentence for misdemeanor driving under the influence (DUI) with property damage in violation of section 316.193(a)–(c)1., Florida Statutes (2019). She pled no contest to the offense, reserving her right to appeal the legally dispositive issue of the lawfulness of her arrest for DUI at the scene of an accident initially investigated by a public service aide with the Fort Lauderdale Police Department. We accept the State's confession of error on the issue of the lawfulness of the defendant's arrest and reverse.

Before entering her plea, the defendant filed a motion to suppress all evidence which the arresting officer had obtained at the scene. Specifically, the motion argued the arresting officer did not witness the defendant operating or in actual physical possession of a vehicle while impaired, nor did he or any other fellow law enforcement officer personally

investigate the accident as sections 316.645 and 901.15(5), Florida Statutes (2019), require for a warrantless arrest.

On appeal, the defendant argues the trial court erroneously denied her suppression motion. We agree.

The arresting officer in this case was summoned to the accident scene by a public safety aide. Without ever witnessing the defendant operating or in actual physical possession of a vehicle, or personally conducting his own investigation of the accident, the officer arrested the defendant based on only his road sobriety investigation and what the public safety aide had told him.

The public safety aide in this case, like the community service aide in *Steiner v. State*, was "not a deputized police officer." 690 So. 2d 706, 707 (Fla. 4th DCA 1997). Therefore, because the aide was not a law enforcement officer with the power to arrest the defendant as required by the fellow officer rule for a warrantless arrest, the arresting officer could not rely on the public safety aide's observations or investigation to establish probable cause. *See* § 901.15(5), Fla. Stat. (2019) ("Any *law enforcement officer*, upon receiving information relayed to him or her from a *fellow officer* . . . that a driver of a vehicle has violated chapter 316, may arrest the driver for violation of those laws when reasonable and proper identification of the vehicle and the violation has been communicated to the arresting officer." (emphasis added)); *Sawyer v. State*, 905 So. 2d 232, 234 (Fla. 2d DCA 2005) ("The [fellow officer] rule does not impute the knowledge of citizen informants to officers."); *see also Riehle v. Dep't of High. Saf. & Motor Veh.*, 684 So. 2d 823, 824-25 (Fla. 2d DCA 1996) (explaining that if law enforcement support personnel are not vested with arrest powers, they cannot be relied upon to establish probable cause for a warrantless DUI arrest).

Accordingly, and as the State has appropriately conceded, the record in this case does not support the lawfulness of the defendant's misdemeanor DUI arrest. An officer can arrest a person for misdemeanor DUI in only three circumstances: "(1) the officer witnesses each element of a prima facie case, (2) the officer is investigating an accident and develops probable cause to charge DUI, or (3) one officer calls upon another for assistance and the combined observations of the two or more officers are united to establish the probable cause to the arrest." *Sawyer*, 905 So. 2d at 234 (internal quotations and alterations omitted) (quoting *Steiner*, 690 So. 2d at 708). We agree with the State that reversal is required because the arresting officer did not witness each element of the DUI crime, did not conduct his own personal investigation of the accident, and is precluded

2

by the fellow officer rule from relying on the information provided to him by the public safety aide because the latter was not a deputized police officer with the power to arrest the defendant.

We therefore reverse and remand with directions that the trial court grant the dispositive suppression motion and discharge the defendant from further prosecution. *See Gray v. State*, 981 So. 2d 562, 566 (Fla. 4th DCA 2008) (reversing denial of dispositive motion to suppress evidence obtained from unlawful arrest and "remand[ing] with directions to discharge [the defendant]").

*Reversed and remanded with instructions.*

FORST and KUNTZ, JJ., concur.

*       *       *

***Not final until disposition of timely filed motion for rehearing.***

3