DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**DUMILE CAROLINA WAGNER,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D21-3387

[May 31, 2023]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Mindy F. Solomon, Judge; L.T. Case No. 19-30815MU10A.

Carlos A. Canet of Law Office of Carlos A. Canet, P.A., Plantation, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Pablo Tapia, Assistant Attorney General, West Palm Beach, for appellee.

*CORRECTED OPINION ON THE STATE'S MOTION FOR CLARIFICATION*

ARTAU, J.

We grant the State's motion seeking clarification, withdraw our prior opinion, and replace it with this corrected opinion.

The defendant appeals from her conviction and sentence for misdemeanor driving under the influence (DUI) with property damage in violation of section 316.193(3)(a)–(c)1., Florida Statutes (2019). She pled no contest to the offense, reserving her right to appeal the legally dispositive issue of the lawfulness of her DUI arrest at the scene of a traffic crash responded to by a public service aide with the Fort Lauderdale Police Department. We accept the State's confession of error on the issue of the lawfulness of the defendant's arrest and reverse.

Before entering her plea, the defendant filed an unsuccessful motion to suppress all evidence which the arresting officer had obtained pursuant to the warrantless arrest. Specifically, the motion argued the arresting officer

did not witness the defendant operating or in actual physical possession of a vehicle while impaired, nor did he or any other fellow law enforcement officer personally investigate the traffic crash as sections 316.645 and 901.15(5), Florida Statutes (2019), require for a warrantless misdemeanor DUI arrest.

On appeal, the defendant argues the trial court erroneously denied her suppression motion. The State concedes that the warrantless arrest was not lawful. We agree.

The arresting officer in this case was summoned to the traffic crash scene by a public safety aide. Without ever witnessing the defendant operating or in actual physical possession of a vehicle while impaired, nor personally conducting his own investigation, the officer arrested the defendant based on only the field sobriety tests he administered and what the public safety aide had investigated, contrary to the plain and clear requirements for a warrantless arrest delineated in section 316.645, Florida Statutes (2019) ("*A police officer who makes an investigation at the scene of a traffic crash may arrest any driver* of a vehicle involved in the crash *when, based upon personal investigation,* the officer has reasonable and probable grounds to believe that the person has committed any offense under the provisions of this chapter[.]" (emphasis added)).

The public safety aide in this case, like the community service aide in *Steiner v. State*, was "not a deputized police officer." 690 So. 2d 706, 707 (Fla. 4th DCA 1997). Therefore, because the aide was not a law enforcement officer with the power to arrest the defendant as required by the fellow officer rule for a warrantless arrest, the arresting officer could not rely on the public safety aide's investigation to establish probable cause. *See* § 901.15(5), Fla. Stat. (2019) ("Any *law enforcement officer*, upon receiving information relayed to him or her from a *fellow officer* . . . that a driver of a vehicle has violated chapter 316, may arrest the driver for violation of those laws when reasonable and proper identification of the vehicle and the violation has been communicated to the arresting officer." (emphasis added)); *see also Sawyer v. State*, 905 So. 2d 232, 234 (Fla. 2d DCA 2005) ("The [fellow officer] rule does not impute the knowledge of citizen informants to officers."); *Riehle v. Dep't of High. Saf. & Motor Veh.*, 684 So. 2d 823, 824-25 (Fla. 2d DCA 1996) (explaining that if law enforcement support personnel are not vested with arrest powers, they cannot be relied upon to establish probable cause for a warrantless DUI arrest).

Accordingly, and as the State has appropriately conceded, the record in this case does not support the lawfulness of the defendant's

misdemeanor DUI arrest. Pursuant to Florida law, a law enforcement officer can arrest a person for misdemeanor DUI without an arrest warrant in only three circumstances:

> (1) the officer witnesses each element of a prima facie case, (2) the officer is investigating an accident and develops probable cause to charge DUI, or (3) one officer calls upon another for assistance and the combined observations of the two or more officers are united to establish the probable cause to the arrest.

*Sawyer*, 905 So. 2d at 234 (internal quotations and alterations omitted) (quoting *Steiner*, 690 So. 2d at 708).[1]

We agree that reversal is required because the arresting officer did not witness each element of the DUI crime, did not conduct his own personal investigation at the scene of the traffic crash, and is precluded by the fellow officer rule from relying on the public safety aide's investigation because the aide was not a deputized police officer with the power to arrest the defendant.

We therefore reverse and remand with directions that the trial court grant the dispositive suppression motion and discharge the defendant from further prosecution. *See Gray v. State*, 981 So. 2d 562, 566 (Fla. 4th DCA 2008) (reversing denial of dispositive motion to suppress evidence obtained from unlawful arrest and "remand[ing] with directions to discharge [the defendant]").

*Reversed and remanded with instructions.*

FORST and KUNTZ, JJ., concur.

*       *       *

**_Final Upon Release; No Motion for Rehearing Will Be Entertained._**

---

[1] We do not consider a common law citizen's arrest as being among the options available to a law enforcement officer for effectuating a DUI misdemeanor arrest because the authority to make such an arrest is not dependent upon his or her status as an officer. *See, e.g., State v. Chapman*, 376 So. 2d 262, 264 (Fla. 3d DCA 1979) ("An off-duty municipal police officer outside his jurisdiction has no right of arrest other than as a private citizen."). In any event, the State concedes that a citizen's arrest would not have been applicable in these circumstances.