DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CARLOS A. LUNA,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-2859

[January 7, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert R. Makemson, Judge; L.T. Case No. 562012CF000208AXX.

Roger Cabrera of Cabrera & Zacca, LLP, Miramar, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.

***ON MOTION FOR REHEARING***

WARNER, J.

We deny appellant's motion for rehearing, but grant the motion for written opinion. We withdraw our previously issued opinion and substitute the following in its place.

Appellant challenges his conviction, claiming that the trial court erred in denying his motion to suppress the drug evidence seized pursuant to a search warrant. He claims that the warrant was defective, because the affidavit upon which it was issued omitted material information. We disagree and affirm.

A neighbor of appellant[1] called the police to inform them that she suspected that drugs were being grown in appellant's house. A road patrol

---

[1] Contrary to appellant's characterization, we do not view the neighbor as an anonymous tipster. She met with the officer face-to-face, and the officer knew of her residence even though she did not give her name. She was a citizen

officer was dispatched to the location. After speaking with the neighbor, the officer approached the home. He went around the side of the home and peeked in a window. He observed no furniture, and it appeared that the house was empty. He also looked at the electric meter which was turning "fast." He provided this information to his superiors in an email. As a result, a detective in the narcotics unit was assigned to investigate.

Four days later, the detective went to the house. Upon approaching the front door, he experienced an overwhelming smell of marijuana, along with the sound of oscillating fans and water pumps inside the house, which he believed from his experience to be evidence of a "grow operation." The detective then applied for a search warrant for the home. His affidavit omitted the facts of the first encounter by the road patrol officer, although the affidavit did include the information regarding the neighbor's report. The magistrate issued the warrant.

Two days later, officers continued their surveillance of the home and saw appellant leaving the house. He was stopped, and the officers smelled marijuana, leading to his arrest. The officers then executed the search warrant, finding marijuana plants and cultivation equipment, as well as documents tying appellant to the operation.

Appellant moved to suppress the seized property, contending that the detective's affidavit used to obtain the search warrant omitted material information of the original illegal search of the property. The trial court held a hearing at which the narcotics detective testified that he had based his investigation on the neighbor's tip and did not consider the information from the road patrol officer. The court found that the omissions in the affidavit were not material. Even though the road patrol officer's activities were an illegal search because of the entry onto the property without any exigent circumstances, *see, e.g., Lollie v. State*, 14 So. 3d 1078 (Fla. 1st DCA 2009), there was a clear and unequivocal break between the illegal activity and the issuance of the search warrant due to the narcotics detective's separate and independent investigation. After the denial of the motion, appellant pled to the charges, reserving his right to appeal this dispositive issue.

"A trial court's ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness and the court must interpret the evidence and reasonable inferences and deductions derived

informant. *See J.P.N. v. State*, 931 So. 2d 1066, 1068 (Fla. 4th DCA 2006); *McKelvin v. State*, 53 So. 3d 401, 405 (Fla. 4th DCA 2011).

therefrom in a manner most favorable to sustaining the trial court's ruling." *Rowell v. State*, 83 So. 3d 990, 993–94 (Fla. 4th DCA 2012) (citation and quotations omitted). "The appellate court defers to the trial court's findings regarding the facts and uses the de novo standard of review for legal conclusions." *Nshaka v. State*, 82 So. 3d 174, 178–79 (Fla. 4th DCA 2012) (citation omitted); *see also Bethel v. State*, 93 So. 3d 410, 413 (Fla. 4th DCA 2012).

Appellant claims that the trial court erred in denying his motion to suppress, because the search warrant would not have been issued had the detective included in the affidavit the illegal conduct of the road patrol officer in peering in the windows, which started the investigation. With respect to search warrants, in *Franks v. Delaware*, 438 U.S. 154 (1978), the court held that if a defendant makes a substantial showing that the affiant knowingly or intentionally or with reckless disregard included a false statement in a probable cause affidavit the court must hold a hearing. *Id.* at 156-57. If the defendant establishes such proof by a preponderance of the evidence, the court must suppress the fruits of a search. *Id.* at 157. The *Franks* rule has been extended to material omissions from affidavits. *See Johnson v. State*, 660 So. 2d 648, 656 (Fla. 1995). In *Johnson*, the court held:

> [T]he *Franks* standard applies to alleged omissions from probable cause affidavits except that (1) the reviewing court must determine whether the omitted material, *if added* to the affidavit, would have defeated probable cause, and (2) the reviewing court must find that the omission resulted from intentional or reckless police conduct that amounts to deception.

*Id.* (emphasis in original).

There is no question that the affidavit as written provides probable cause for issuance of the search warrant. Thus, would the prior illegal entry onto the property defeat probable cause? The appellant's contention is that the prior illegality prevents the issuance of the search warrant, because such evidence would be barred as the "fruit of the poisonous tree." We disagree. The trial court found that the narcotic detective's investigation was independent of the original entry on the land. The detective considered only the neighbor's report and his own investigation. In *Segura v. United States*, 468 U.S. 796 (1984), the Supreme Court explained that a prior illegal search does not always lead to the suppression of evidence. It depends upon the nature and attenuation of the illegal conduct to the search:

> The Court has never held that evidence is "fruit of the poisonous tree" simply because "it would not have come to light but for the illegal actions of the police." *See Wong Sun* [*v. United States*, 371 U.S. 471,] 487–488, 83 S.Ct., at 417–418; *Rawlings v. Kentucky*, 448 U.S. 98, 100 S.Ct. 2556, 65 L.Ed.2d 633 (1980); *Brown v. Illinois*, 422 U.S. 590, 599, 95 S.Ct. 2254, 2259, 45 L.Ed.2d 416 (1975). That would squarely conflict with *Silverthorne* [*v. United States*, 251 U.S. 385, 40 S.Ct. 182, 64 L. Ed 319 (1920)] and our other cases allowing admission of evidence, notwithstanding a prior illegality, when the link between the illegality and that evidence was sufficiently attenuated to dissipate the taint. By the same token, our cases make clear that evidence will not be excluded as "fruit" unless the illegality is at least the "but for" cause of the discovery of the evidence. Suppression is not justified unless "the challenged evidence is in some sense the product of illegal governmental activity."

*Id*. at 815. Here, the illegal conduct of the road patrol officer was not the "but for" cause of the discovery of the evidence. The tip by the neighbor is what drew law enforcement's attention to the house. Therefore, even had the information from the road patrol officer been included in the affidavit, the illegality of the officer's entry onto the land would not have prevented the issuance of the search warrant. The omission did not compromise the remainder of the information which led the court to issue the warrant.

We reject the remaining arguments made by appellant and affirm the conviction and sentence.

MAY and CONNER, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***