DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**LEWIS STOUFFER, CLARK JEFFREY THOMPSON,**
and **CRAIG TURTURO,**
Appellees.

No. 4D17-2502

[May 23, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case Nos. 312012CF000882A, 312012CF000882C and 312012CF000882E.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly T. Acuña, Assistant Attorney General, West Palm Beach, for appellant.

Donnie Murrell, West Palm Beach, for appellee Lewis Stouffer.

Daniel R. Aaronson of Benjamin, Aaronson & Patanzo, PA, Fort Lauderdale, for appellee Clark Jeffrey Thompson.

David S. Weinstein of Hinshaw & Culbertson, LLP, Coral Gables, for appellee Craig L. Turturo.

LEVINE, J.

An Indian River County Sheriff's Office ("IRCSO") detective, as part of an investigation originating in his home county, was the sole affiant on applications and affidavits for search warrants in both Broward and Palm Beach Counties. The trial court granted the motion to suppress evidence that was obtained as a result of both search warrants, stating that the detective acted outside his jurisdiction "under color of office" to obtain both search warrants.

We are asked to determine if the detective had the authority to be the affiant on search warrants and their accompanying affidavits in counties outside his jurisdiction where the detective was investigating a case that

originated within his own jurisdiction.  We find that the trial court erred in suppressing the evidence and find that the detective could be an affiant for applications and affidavits that would serve as the basis for search warrants outside of his jurisdiction.  Therefore, we reverse and remand.

Prior to the suppression hearing conducted by the trial court, the parties stipulated that an investigation of pain clinics began in Indian River County in 2011.  IRCSO, the Drug Enforcement Agency, and various other local law enforcement agencies were involved in this joint investigation, which included multiple defendants and various locations in several counties in Florida.  As part of the investigation, a detective from IRCSO went to Broward County and Palm Beach County to be the affiant on search warrant applications for the residences of appellees in both counties.  The IRCSO detective was the sole affiant on the search warrants.  The detective included in the affidavit in support of the search warrants that he is a sworn law enforcement officer from the IRCSO.  He also utilized sealed wiretap information that was part of the ongoing investigation in Indian River County.

The search warrants were executed by law enforcement officers with either statewide or local jurisdiction.  Subsequently, appellees filed motions to suppress alleging that the IRCSO detective was outside of his jurisdiction when he sought the search warrants in Broward and Palm Beach.  The trial court agreed by granting the motion to suppress and finding that the detective acted "under color of office" when being an affiant of the search warrants from Broward County and Palm Beach County.  This appeal follows.

"A trial court's ruling on a motion to suppress comes to the appellate court clothed with a presumption of correctness and the court must interpret the evidence and reasonable inferences and deductions derived therefrom in a manner most favorable to sustaining the trial court's ruling." *Luna v. State*, 154 So. 3d 1181, 1183 (Fla. 4th DCA 2015) (citation omitted).  "The appellate court defers to the trial court's findings regarding the facts and uses the de novo standard of review for legal conclusions." *Id.* (citation omitted).  To the extent this case involves an issue of statutory interpretation, a de novo standard of review applies.  *Therlonge v. State*, 184 So. 3d 1120, 1121 (Fla. 4th DCA 2015).

We begin our analysis by reviewing the plain language of the applicable statutes.  Section 933.06, Florida Statutes (2011), states:

The judge must, before issuing the warrant, have the application of some person for said warrant duly sworn to and subscribed, and may receive further testimony from witnesses or supporting affidavits, or depositions in writing, to support the application. The affidavit and further proof, if same be had or required, must set forth the facts tending to establish the grounds of the application or probable cause for believing that they exist.

The key provision is that the judge must "have the application of *some person* for said warrant duly sworn to and subscribed." *Id.* (emphasis added). Additionally, section 933.18, Florida Statutes, states that "[n]o warrant shall be issued for the search of any private dwelling . . . except on sworn proof by affidavit of *some* creditable witness . . . ." (emphasis added). The plain language of both statutes refers to the affiant to a search warrant application being "some person" or the affidavit coming from "some creditable witness." Nowhere do the statutes require that an affiant be a member of law enforcement from that jurisdiction, nor do they require the affiant be law enforcement at all. The statutes, individually and collectively, merely require the affiant be "some person" or "some creditable witness."

Further, this court has found that even a private citizen may sign an application for a search warrant. *Kaplan v. State*, 347 So. 2d 659 (Fla. 4th DCA 1977). In *Kaplan*, in rejecting the contention that a private citizen has no authority to apply for a search warrant, this court stated: "There is no Florida statute or rule restricting private citizens from signing applications for search warrants. Indeed, the firsthand quality of the information sworn to by a private citizen may be superior to hearsay statements presently allowed under the law to support search warrant applications." *Id.* at 659. Further, this court concluded that "[t]he same safeguards and other legal requirements for the issuance and service of search warrants apply regardless of who signs the application." *Id.*

Unlike the statutes that state who may be an affiant to a search warrant, the statutes that govern the execution of a search warrant provide that only law enforcement officers may execute a search warrant. Section 933.07(1), Florida Statutes, provides:

The judge, upon examination of the application and proofs submitted, if satisfied that probable cause exists for the issuing of the search warrant, shall thereupon issue a search warrant signed by him or her with his or her name of office, to any sheriff and the sheriff's deputies or any police officer or

3

other person authorized by law to execute process, commanding the officer or person forthwith to search the property described in the warrant or the person named, for the property specified, and to bring the property and any person arrested in connection therewith before the judge or some other court having jurisdiction of the offense.

Additionally, section 933.08, Florida Statutes, states: "The search warrant shall in all cases be served by any of the officers mentioned in its direction, but by no other person except in aid of the officer requiring it, said officer being present and acting in its execution."

In both of these statutes, the plain language dictates that "any sheriff[,] sheriff's deputies or any police officer or other person authorized by law to execute process" or "any of the officers mentioned in its direction" are the persons statutorily authorized to execute the search warrant. Clearly the legislature knows when to command that the action be performed exclusively by law enforcement or those authorized by law, for example the execution of the search warrant, as opposed to the application for the search warrant where there is no similar command.

Further, other states with similar search warrant statutes have allowed any person to be authorized to apply for a search warrant. *See State v. Lewis*, 2009 WL 385587, at *2-3 (La. Ct. App. 2009) (affirming denial of motion to suppress where officer obtained search warrant outside jurisdiction and Louisiana statutes allow any "credible person" to apply for a search warrant); *Dickey v. State*, 816 S.W.2d 832, 834 (Tex. Ct. App. 1991) (affirming denial of motion to suppress where peace officer acting outside jurisdiction obtained search warrant and Texas statute allowed anyone to file an affidavit for a search warrant); *see also Hill v. State*, 759 A.2d 1164, 1173 (Md. Ct. Spec. App. 2000) (declining to "read into the statute an additional requirement that the officer applying for the warrant have the powers of a police officer within the jurisdiction in which the items to be seized are located"); *United States v. Freeman*, 897 F.2d 346, 348 (8th Cir. 1990) (finding procedural failing did not require exclusion of evidence where search warrant was obtained by department of revenue investigator rather than "peace officer or prosecuting attorney" as required by statute).

In this case, the trial court determined that the IRCSO detective "acted outside of his jurisdiction 'under color of office' to obtain Broward and Palm Beach County search warrants." The trial court relied on *State v. Phoenix*, 428 So. 2d 262 (Fla. 4th DCA 1982), *Phoenix v. State*, 455 So. 2d 1024 (Fla. 1984), and *State v. Sills*, 852 So. 2d 390 (Fla. 4th DCA 2003), to conclude that the detective was improperly being an affiant outside of

4

his jurisdiction. We disagree that the IRCSO detective, by being an affiant for search warrants in Broward and Palm Beach Counties, improperly asserted "official authority to gather evidence not otherwise obtainable." *Phoenix*, 428 So. 2d at 266.

Law enforcement officers may conduct a lawful investigation outside of their territorial jurisdiction if the subject matter of the investigation originated in their own jurisdiction. *State v. Price*, 589 So. 2d 1009, 1010 (Fla. 4th DCA 1991); *Goodman v. State*, 399 So. 2d 1120, 1121 (Fla. 4th DCA 1981). In this case, it was undisputed that the investigation originated in Indian River County.

The "power of police to conduct investigations and to gather evidence outside of their jurisdiction" is subject to the "under color of office" doctrine, which is "a limitation on the power of police to conduct investigations and to gather evidence outside their jurisdiction." *Phoenix*, 428 So. 2d at 266. In *Phoenix*, this court recognized that evidence obtained "by the unlawful assertion of official authority" should be suppressed. *Id.*

Significantly, this court determined that the facts of *Phoenix* did not limit Martin County deputies from making an arrest in St. Lucie County. *Id.* at 266-67. In that case, Martin County deputies stopped a truck in St. Lucie County "by using the blue flashing lights of their police car. Guns drawn and pointed, they identified themselves as police officers, ordered the occupants to get out of the truck and lie face down in the grass, and opened the back of the truck where they discovered marijuana." *Id.* at 264. This court held that the under color of office doctrine "does not prevent officers from making an otherwise valid citizen's arrest just because they happen to be in uniform or otherwise clothed with the indicia of their position when making the arrest." *Id.* at 266. "Moreover, the mere use of a police car and the fact that the officers identified themselves as officers in stopping the camper-truck is not enough to prevent them from making valid citizen's arrests." *Id.* at 267. The supreme court approved this decision. *See* 455 So. 2d at 1024-26.

In the present case, like in *Phoenix*, the IRCSO detective did not use the "powers of [his] office to observe unlawful activity or gain access to evidence not available to a private citizen." *Id.* at 1025. In applying for search warrants and being the affiant on those applications, the IRCSO detective was not doing anything that a private citizen was not statutorily authorized to do. *See id.*; §§ 933.06, 933.18, Fla. Stat.

The fact that the detective in the present case identified himself as a law enforcement officer in the affidavits and applications did not render

his actions as an affiant improper. Like in *Phoenix* where the arrest by Martin County deputies in St. Lucie County with guns drawn and flashing lights on their police cars did not violate the "under color of office" doctrine, similarly here the applications submitted by the detective effectively were as a "citizen" affiant and also did not violate the "under color of office" doctrine.

The "under color of office" doctrine also was not implicated by the detective's reliance on information derived from wiretaps that were authorized by a judicial officer in Indian River County. A police officer who relies on information lawfully gathered in his jurisdiction does not violate the "under color of office" doctrine by utilizing that information subsequently as an affiant to a search warrant even if that search warrant is obtained from another jurisdiction. *See Phoenix*, 428 So. 2d at 266 (stating that one violates the "under color of office" doctrine when an officer gathers evidence not otherwise lawfully obtainable). In this case, the officer did not violate the "under color of office" doctrine because he relied on evidence lawfully obtained, such as information the officer obtained with prior judicial approval. *See id.*

In suppressing the evidence, the trial court also relied on *Sills*, but that case is distinguishable because there the officers were acting "under color of office" where, after arresting the defendant for drug trafficking offenses, the officers transported him in handcuffs outside their jurisdiction to his house, where the defendant had advised there were drugs, and obtained a waiver of search warrant. 852 So. 2d at 391-93. This case is also unlike *Wilson v. State*, 403 So. 2d 982 (Fla. 1st DCA 1980), and *State v. Allen*, 790 So. 2d 1122 (Fla. 2d DCA 2001), which appellees rely upon on appeal, because in each of those cases the investigation originated outside the officer's jurisdiction.

In conclusion, the plain language of the statutes governs our analysis. When we examine the contours of the statute we need only look at the very text in front of us. As Justice Cardozo once observed, "[w]e have not traveled, in our search for the meaning of the lawmakers, beyond the borders of the statute." *United States v. Great N. Ry. Co.*, 287 U.S. 144, 154 (1932).

Nothing in the statutes requires that the affiant be a law enforcement officer, nor do the statutes prevent the affiant from being a law enforcement officer. The statutes merely require the affiant be "some person" or "some creditable person." The affiant clearly fits the required statutory criteria.

6

As such, we rest on the text of these statutes, reverse the order suppressing evidence, and remand for further proceedings.

*Reversed and remanded for further proceedings.*

CONNER and FORST, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**