DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**CHRISTOPHER MEYERS,**
Appellee.

No. 4D18-10

[November 28, 2018]

Appeal of non-final order from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin S. Fein, Judge; L.T. Case No. 15-11654 CF10A.

Pamela Jo Bondi, Attorney General, Tallahassee, and Kimberly T. Acñua, Assistant Attorney General, West Palm Beach, for appellant.

Jason T. Forman of Law Offices of Jason T. Forman, P.A., Fort Lauderdale, for appellee.

PER CURIAM.

The State appeals an order suppressing the results of a blood test conducted pursuant to a driving under the influence ("DUI") investigation. The trial court found that the officer requesting the blood draw did not comply with section 316.1932(1)(c) of the Florida Statutes, more commonly known as Florida's implied consent law. Because Appellee voluntarily consented to the blood draw, the provisions of the implied consent law did not apply. Accordingly, we quash the trial court's order and remand for further proceedings.

The police received a call from a driver who was following a vehicle that was driving erratically. The responding officer found the vehicle that matched the description and the license plate given by the caller. The vehicle was stopped on the sidewalk. When the officer approached the vehicle, the driver sped off and continued driving erratically. A chase ensued, culminating in the responding officer finding the vehicle crashed on a median and observing Appellee running from the vehicle. After detaining Appellee, emergency medical services ("EMS") was contacted to

treat an injury Appellee sustained while attempting to flee on foot.

Before EMS arrived, Appellee admitted that he fled from police because he did not want to be arrested for DUI. A police report noted that Appellee was slurring his words, had red, bloodshot, watery eyes, and his breath smelled of alcohol. Thereafter, Appellee was arrested for reckless driving and transported by EMS to a nearby hospital. Upon arriving at the hospital, and without ascertaining how long Appellee would be hospitalized, the officer who accompanied Appellee to the hospital immediately requested a blood test. Appellee, alert and compliant, voluntarily consented. Because Appellee voluntarily consented to the blood test, the officer did not inform Appellee that the implied consent law requires submission only to a breath or urine test and that a blood test is offered only as an alternative.

Appellee moved to suppress the results of the blood test. The trial court granted the motion, finding that there was no evidence that the administration of a breath or urine test was impractical or impossible and that the officer failed to inform Appellee of Florida's implied consent law. This appeal follows.

In reviewing a trial court's order on a motion to suppress, this Court defers to the factual findings and reviews legal conclusions *de novo*. *Luna v. State*, 154 So. 3d 1181, 1183 (Fla. 4th DCA 2015). Florida's implied consent law states, in pertinent part, that:

> Any person who accepts the privilege extended by the laws of this state of operating a motor vehicle within this state is, by operating such vehicle, deemed to have given his or her consent to submit to an approved blood test for the purpose of determining the alcoholic content of the blood or a blood test for the purpose of determining the presence of chemical substances or controlled substances as provided in this section if there is reasonable cause to believe the person was driving or in actual physical control of a motor vehicle while under the influence of alcoholic beverages or chemical or controlled substances and the person appears for treatment at a hospital, clinic, or other medical facility and the administration of a breath or urine test is impractical or impossible.

§ 316.1932(1)(c), Fla. Stat. (2015).

The Florida Supreme Court has explained, however, that if a defendant expressly consents to a blood test, "then the blood test falls wholly outside the scope of the implied consent law." *Robertson v. State,* 604 So. 2d 783, 790 (Fla. 1992) (paraphrasing an analogous Iowa case and explaining that "[t]he same is true of Florida's implied consent law"); *see also State v. Murray,* 51 So. 3d 593, 594–95 (Fla. 5th DCA 2011) (holding that because the implied consent law did not apply, the troopers were not required to inform the defendant of the provisions of implied consent). Here, because Appellee consented to the blood test and nothing in the record indicates that his consent was involuntary, the provisions of Florida's implied consent law did not apply. Accordingly, the trial court erred in suppressing the blood test results for failure to comply with the provisions of the implied consent law.

We therefore quash the order suppressing the blood test results and remand this case to the trial court for further proceedings.

WARNER, GROSS and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***