DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MIRACLE LETIZIA ATWELL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D2024-0618

[December 18, 2024]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Robert F. Diaz, Judge; L.T. Case No. 22011803MU10A.

Carlos A. Canet of Law Office of Carlos A. Canet, P.A., Plantation, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Senior Assistant Attorney General, West Palm Beach, for appellee.

FORST, J.

Appellant Miracle Letizia Atwell ("Defendant") timely appeals the trial court's denial of her motion to suppress for lack of probable cause regarding her arrest for driving under the influence (DUI). We agree with Defendant and reverse and remand.

## Background

Defendant consumed alcoholic drinks at a restaurant bar and then attempted to leave in her car. Two patrons witnessed Defendant "slurring her words" and exhibiting signs of intoxication. As Defendant was leaving, both patrons followed, attempting to stop her from driving away. Eventually, a security guard intervened. The security guard was not a law enforcement officer.

The security guard observed that Defendant was "so very drunk" and "smelling of [] alcohol." He told Defendant, "[y]ou're drunk so you cannot go home . . . . You can call a cab . . . or get somebody to drive you home. Because I can't let you go right now."

Despite this plea, Defendant entered her car. The security guard then moved and parked a golf cart behind Defendant's car to prevent her from leaving. Defendant started her car and the security guard, who was sitting in the golf cart parked behind Defendant's car, moved his cart out of the way due to concern for his safety. Defendant never actually moved her car from its parking space. After having moved and exited the golf cart, the security guard approached Defendant and successfully distracted her from leaving.

A police officer arrived shortly thereafter and observed Defendant "screaming" at the two witnesses and the security guard. He noticed Defendant's speech was slurred, she had "bloodshot, watery eyes," and a "very strong odor" of alcohol on her. Defendant's keys and purse were in her car's center console and the windows were rolled halfway down. When the officer arrived, Defendant's car was turned off, and the officer did not witness Defendant driving or attempting to drive. The security guard relayed his observations to the officer and told him Defendant had attempted to back up, but "did not go any further because [the] golf cart was at a complete stop behind hers."

Defendant refused to take a sobriety test. The officer then placed Defendant under arrest. The State charged Defendant with DUI pursuant to section 316.193, Florida Statutes (2022).

Defendant originally pled not guilty and moved to suppress the witnesses' statements leading up to her arrest, based on the arresting officer's lack of probable cause to arrest Defendant for DUI. The trial court denied the motion. Defendant then changed her plea to no contest and reserved her right to appeal the nonfinal order. *See* Fla. R. App. P. 9.140(b)(2)(A)(i).

This appeal follows.

## Analysis

We review the trial court's denial of a motion to suppress with a mixed standard of review. *Lowery v. State*, 201 So. 3d 791, 793 (Fla. 4th DCA 2016). We defer to the trial court's findings of fact and review the legal conclusions de novo. *Id.* "A trial court's ruling on a motion to suppress is presumed correct, and on appeal, the evidence from the suppression hearing must be interpreted in a manner most favorable to sustaining the court's ruling." *Id.* (quoting *Dixon v. State*, 72 So. 3d 171, 174 (Fla. 4th DCA 2011)).

Defendant argues the trial court erred in denying her motion to suppress because the arresting officer lacked probable cause and none of

the circumstances permitting a warrantless misdemeanor arrest apply here. In denying Defendant's motion to suppress, the trial court concluded the officer had probable cause to arrest Defendant for DUI and reasoned "the State can prove their case because they have a wheel witness, somebody who's there."

Absent a warrant, "an arrest for DUI must be supported by probable cause." *Skinner v. State*, 31 So. 3d 940, 943 (Fla. 1st DCA 2010) (citing § 901.151(4), Fla. Stat. (2007), and *Popple v. State*, 626 So. 2d 185, 186 (Fla. 1993)). Specifically, a law enforcement officer may execute a warrantless misdemeanor arrest for DUI in only three circumstances:

> (1) the officer witnesses each element of a prima facie case, (2) the officer is investigating an accident and develops probable cause to charge DUI, or (3) one officer calls upon another for assistance and the combined observations of the two or more officers are united to establish the probable cause to the arrest.

*Wagner v. State*, 361 So. 3d 388, 390–91 (Fla. 4th DCA 2023) (quoting *Sawyer v. State*, 905 So. 2d 232, 234 (Fla. 2d DCA 2005)); *see also* § 901.15, Fla. Stat. (2022).

The State is unable to establish that any of these three scenarios apply. First, the arresting officer did not witness each element of the prima facie DUI case. By the time the officer arrived, Defendant was outside of her car, which was turned off. Though the two patrons and the security guard saw Defendant turn on her car and relayed their observations to police, private citizens are unable to relay their observations to police for purposes of substituting an officer's "knowledge of an essential element of a crime." *Steiner v. State*, 690 So. 2d 706, 709 (Fla. 4th DCA 1997) ("If we were to permit the security guard's observations which were relayed to the police as sufficient to constitute the officer's knowledge of an essential element of a crime, then as to misdemeanors there would be no point in the statutory requirement that the misdemeanor be committed in the officer's presence.") (emphasis omitted).

Nor was the arresting officer investigating a car accident, as Defendant's car never left its parking spot. Finally, this situation does not fall within the "fellow officer rule," which allows an arresting officer to lack sufficient firsthand knowledge to constitute probable cause if the officer initiating the chain of communication witnesses the crime himself. *See Wagner*, 361 So. 3d at 390–91; *State v. Adderly*, 809 So. 2d 75, 76 (Fla. 4th DCA 2002). The security guard was not an "officer"; thus, the arresting

officer could not rely on the security guard's statements to establish probable cause. *See Wagner*, 361 So. 3d at 390–91.

Therefore, we hold that the trial court erred in finding the arresting officer had probable cause to arrest Defendant. To the extent the State argues the trial court's finding may be affirmed because the security guard effectuated a valid citizen's arrest, we determine that argument lacks merit.

To effectuate a valid citizen's arrest, the private citizen arrestor must deprive the defendant of "her freedom to leave." *See Steiner*, 690 So. 2d at 708. The arrestor's actions determine whether a private citizen has deprived a defendant of her right to leave. *Id.* ("In order to effectuate a citizen's arrest, a misdemeanor must not only be committed in the presence of the private citizen, but there must be an arrest—that is a deprivation of the suspect's right to leave.").

Here, the security guard did not effectuate a valid citizen's arrest. Though he initially positioned his golf cart to block Defendant from leaving, the security guard moved the cart after Defendant had started her car. And although the security guard conversed with Defendant to keep Defendant from driving away, Defendant's key fob remained within her reach, and she could have left once the security guard had removed the golf cart blocking Defendant's car. The security guard's actions, at most, demonstrated his hope that Defendant would not drive off while inebriated. However, the security guard's actions did not necessarily prevent Defendant from leaving and did not effectuate a citizen's arrest.

## Conclusion

We reverse the trial court's denial of Defendant's motion to suppress the DUI evidence in this case because the arresting officer lacked probable cause to arrest Defendant for DUI and the security guard did not effectuate a valid citizen's arrest. We remand with directions that the trial court grant the suppression motion.

*Reversed and remanded with instructions.*

MAY and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

4