DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**STATE OF FLORIDA,**
Appellant,

v.

**RAYMOND REESE,**
Appellee.

No. 4D2025-1445

[April 8, 2026]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Lorena Mastrarrigo, Judge; L.T. Case No. 22-000058CF10A.

James Uthmeier, Attorney General, Tallahassee, and Mary Elizabeth Johnson, Assistant Attorney General, West Palm Beach, for appellant.

Daniel Eisinger, Public Defender, and Summer Ivy Hill, Assistant Public Defender, West Palm Beach, for appellee.

SHEPHERD, J.

The State appeals a nonfinal order granting in part Raymond Reese's motion to suppress statements made during custodial interrogation. We reverse.

**Background**

The defendant, Raymond Reese, is charged with first degree murder with a firearm. Following his arrest, a detective spoke with the defendant while the defendant sat in the back of a patrol vehicle. Another officer recorded the interaction on his cell phone. After being advised of his rights under *Miranda v. Arizona,* the defendant agreed to speak with detectives. 384 U.S. 436 (1966). A detective then asked the defendant where the firearms used in the alleged murder were, and the defendant provided their location. The detective also asked the defendant if he knew the woman who was shot. The defendant's response, according to both parties, was unintelligible. The detective testified that the defendant did not invoke his

right to counsel and that, if the defendant had done so, he would have terminated questioning.

Officers then transported the defendant to a nearby police station where the detective and another officer conducted a recorded interview in an interrogation room. During the interview, the defendant acknowledged that he had called 9-1-1 and stated: "Everything's going bad at once. And this lady put me to the edge, and I'm a good person. But this is on her, man." The defendant further explained that he called 9-1-1 because he shot someone in Coral Springs but claimed he did not know the victim's identity.

Throughout the interview, the defendant stated that he was going to need some sort of advice. At 16:35:03[1] in the recorded interview, the defendant stated, "I know, you know, I don't want this to go south, but I'm telling you, I'm going to need some advice because I'm – I am too fucking stupid." Detectives continued questioning briefly until the defendant specifically stated that he needed to speak with a lawyer.

The defendant subsequently moved to suppress his post-*Miranda* statements, arguing that his *Miranda* rights had been violated during the interrogation. After hearing testimony from the detective and reviewing the recordings from both the patrol vehicle and the police station interrogations, the trial court found that the defendant had been properly advised of and had waived his *Miranda* rights. The trial court also concluded, however, that the defendant had unequivocally invoked his right to counsel at 16:35:03 in the recorded station interview and therefore suppressed all statements made after that point. For the reasons discussed below, we disagree with the trial court's ruling that the defendant unequivocally invoked his right to counsel.

## Discussion

A trial court's ruling on a motion to suppress presents a mixed question of law and fact. *Lowery v. State*, 201 So. 3d 791, 792 (Fla. 4th DCA 2016). While we defer to factual findings supported by competent, substantial evidence, we review de novo the application of the law to those facts, particularly where the evidence consists of recorded interviews equally available to the appellate court. *Scotsman v. State*, 238 So. 3d 300, 303 (Fla. 4th DCA 2018).

---

[1] The Court rejects Reese's argument that the trial court was referring to a different portion of the recording.

"A reviewing court must consider the totality of the circumstances in determining whether a suspect's statement unequivocally invoked a *Miranda* right." *Langel v. State*, 298 So. 3d 87, 89 (Fla. 4th DCA 2020) (citation omitted). To be unequivocal, a suspect must articulate a request for an attorney with sufficient clarity that a reasonable officer would understand the statement to be a request for counsel to invoke the right to counsel. *Davis v. United States*, 512 U.S. 452, 459 (1994) (quoting *McNeil v. Wisconsin*, 501 U.S. 171, 178 (1991)). Ambiguous or equivocal references to counsel do not require officers to cease questioning. *State v. Owen*, 696 So. 2d 715, 717 (Fla. 1997).

The defendant's statement that he would "need some advice" did not mention an attorney and was reasonably susceptible to multiple interpretations. Police in Florida need not ask clarifying questions if a defendant who has received proper *Miranda* warnings makes only an equivocal or ambiguous request to terminate an interrogation after having validly waived his or her *Miranda* rights. *Owen*, 696 So. 2d at 719; *see also State v. Craig*, 237 So. 2d 737, 739–40 (Fla.1970) (holding that where the defendant stated, "Well, I would like to have one [lawyer] in a way, but I don[']t see how it can help me," the defendant had not invoked his right to counsel); *McKenzie v. State*, 125 So. 3d 906, 910 (Fla. 4th DCA 2013) (explaining that the statement, "I think I'd like a lawyer," followed by the defendant's reinitiation of conversation with the interrogating officers was an equivocal invocation of right to counsel). Notably, here the defendant continued speaking with detectives after the statement, expressly indicating that he did not mind continuing the conversation.

A generalized request for "advice" is not an unequivocal invocation of the right to counsel under the objective standard governing *Miranda* inquiries. *See Washington v. State*, 253 So. 3d 64, 69 (Fla. 1st DCA 2018) (holding that a defendant's question to officers as to whether he needed an attorney amounted to a request for advice about his rights and therefore was not an unequivocal request for counsel); *State v. Perez*, 179 P.3d 346, 348-50 (Idaho Ct. App. 2008) ("His statement to the officers was, 'Yeah, I think I need advice, man.' As Perez did not directly refer to a desire to see to an attorney, he may have been expressing a wish for advice from family, friends, a clergyman, or other advisor. Viewed objectively, Perez' statement would not necessarily be understood by a reasonable police officer as a present request for an attorney.").

Throughout the interview, any hesitation about talking with the detectives appeared to be more related to not wanting to hear details of the alleged crime, rather than a desire for an attorney. The defendant turned

3

himself into the police, freely admitted to shooting the victim, and volunteered information such as the murder weapon's location.

Later in the interview, the defendant clearly stated that he would like to speak with a lawyer, at which point detectives immediately terminated the interrogation. Because the defendant's earlier reference to needing "advice" was not an unambiguous request for counsel, the trial court erred in suppressing the statements that followed that ambiguous comment.

Accordingly, we reverse the order granting in part the motion to suppress and remand for further proceedings.

*Reversed and remanded.*

MAY and CONNER, JJ., concur.

* * *

***Not final until disposition of timely-filed motion for rehearing.***